IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-10958
_____


COMMERCIAL UNION ASSURANCE CO LTD;
SIRIUS INSURANCE COMPANY, (UK) PLC;
NORTHERN ASSURANCE COMPANY LIMITED;
INDEMNITY MARINE ASSURANCE CO LTD;
OCEAN MARINE INSURANCE CO LTD;

                                  Plaintiffs-Appellees

v.

TEXAS RECREATION CORPORATION;
STEVEN SCHEURER

                                  Defendants-Appellants.


_____

Appeal from the United States District Court
for the Northern District of Texas
(7:93-CV-061-X)
_____
June 26, 1996
Before KING, JONES, and DUHÉ, Circuit Judges.

PER CURIAM:[*]

    Texas Recreation Corporation ("Texas Rec") and Steven

Scheurer appeal the district court's order granting summary

judgment to Commercial Union Assurance Company, P.L.C., Sirius

Insurance Company (U.K.) P.L.C., Northern Assurance Company

---

    [*] Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

Limited, Indemnity Marine Assurance Company Limited, and Ocean Marine Insurance Company Limited (collectively, the "Insurance Companies"), on the Insurance Companies' claim for declaratory relief and Texas Rec and Scheurer's counterclaims. We concur with the district court's analysis of the Policy Territory limitation and the Limited Worldwide Liability Coverage amendment in the liability insurance policy issued to Texas Rec and Scheurer by the Insurance Companies. Accordingly, we agree with the district court's conclusion that Texas Rec and Scheurer are not covered by that policy for the occurrence at issue in this case. With respect to the counterclaims, Texas Rec and Scheurer's briefs state only that "the Insurance Companies failed to present any summary judgment evidence to overcome the counterclaim and defenses raised by Texas Rec and Scheurer." When a party offers "only a bare listing" of alleged errors "without citing supporting authorities or references to the record, these claims are considered abandoned on appeal." *United States v. Ballard*, 779 F.2d 287, 295 (5th Cir.), *cert. denied*, 475 U.S. 1109 (1986). Accordingly, the judgment of the district court is

    AFFIRMED.